UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DEREK GALLOP, JR., | ) | C/A No. 4:16-3865-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| HECTOR JOYNER[1], | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Derek Gallop, Jr., (hereinafter "Petitioner"), is currently incarcerated at the Federal Correctional Institution (FCI) located in Estill, South Carolina. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] on December 7, 2016, alleging that the Bureau of Prisons (BOP) has failed to properly calculate his federal sentence. Respondent filed a motion to dismiss or, in the alternative, motion for summary judgment on February 23, 2017, along with a return, supporting memorandum and exhibits. As matters outside of the pleadings were submitted by the parties, the undersigned will treat this motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The undersigned issued

---

[1] Initially, Petitioner named Andrew Mansukhani and the United States of America as Respondents in this action. However, the only proper respondent in a habeas petition is the person having custody of the person detained. A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 441 (2004)( the District Court "may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").Accordingly, it is recommended that the United States of America be dismissed as not a proper party pursuant to 28 U. S.C. §2241. Additionally, Andrew Mansukhani is no longer the warden at FCI Estill. The new warden is Hector Joyner.

[2] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

an order filed February 27, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #15). Petitioner filed a response on March 22, 2017. (Doc. #20).

## DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of

coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## B. ARGUMENT OF PARTIES/ANALYSIS

Petitioner filed this action challenging the execution of his federal sentence.[3] Specifically, Petitioner alleges that he has not received sufficient credit toward his federal sentence to account for the 1) time he spent in federal custody under a writ of habeas corpus *ad prosequendum* from June 30, 2010 through October 1, 2010, and October 25, 2010, through March 9, 2011, the time he was returned from being sentenced in federal court on March 9, 2011; and, 2) the time from when he was sentenced in federal court on March 9, 2011, through the time he completed his state sentence on October 9, 2012. Additionally, Petitioner argues that the state judge sentenced him after the federal court's sentence and recommended that the sentences run concurrent.

Respondent submitted the declaration of Deborah Colston who attests that she is employed by the United States Department of Justice, Federal BOP, as a Management Analyst at the Designations and Sentence Computation Center (DSCC) located in Grand Prairie, Texas. (Doc. 14-1, with attachments). The DSCC is responsible for the computation of federal inmate sentences. Id. Colston reviewed the federal sentence computation conducted on the federal term of imprisonment for federal inmate Derek Gallop, Jr. Id. Petitioner was arrested on June 1, 2010, by the Chatham County, Georgia, Sheriff's Department for Possession of Marijuana with Intent to Distribute, Possession of a Firearm During the Commission of a Felony, Criminal Use of an Article with an Altered Identification Mark, Possession of a Drug Related Object, Theft by Receiving, and Possession of a Firearm by a Convicted Felon. Id. Petitioner remained in the primary custody of the Chatham County authorities following his arrest. Id. On June 30, 2010, Petitioner was temporarily

---

[3] Respondent stipulates that Petitioner has exhausted his administrative remedies regarding his request for prior custody credit.

borrowed from state custody by the United States Marshals Service pursuant to a federal writ of habeas corpus *ad Prosequendum* and returned to the Chatham County Sheriff on October 1, 2010. Id. On October 25, 2010, the United States Marshals Service, under the previous writ, borrowed Petitioner from the Chatham County Sheriff. Id. On March 9, 2011, the United States District Court for the Southern District of Georgia sentenced Petitioner to an eighty-four month term of imprisonment for Interference with Commerce by Robbery. Id. Subsequent to the imposition of the federal sentence, Petitioner was returned to the Chatham County Sheriff and the federal Judgment was lodged as a detainer. Id. On January 18, 2012, Petitioner was sentenced by the Superior Court of Chatham County to a five-year term of imprisonment for the offenses of Possession of Marijuana with Intent to Distribute, Possession of a Firearm During the Commission of a Felony, Criminal Use of an Article with an Altered Identification Mark, Possession of a Drug Related Object, Theft by Receiving, and Possession of a Firearm by a Convicted Felon. Subsequent to the imposition of the State court sentence, Petitioner was transported to the Telfair State Prison located at Helena, Georgia for service of the 5-year state sentence.

On October 9, 2012, Petitioner completed his Georgia state sentence and was released to the custody of the United States Marshals Service for designation to a BOP facility to satisfy his eighty-four month federal term of imprisonment. (Doc. #14-1, attachment 6). The BOP prepared a sentence computation on Petitioner based on an eighty-four month term of imprisonment commencing on October 9, 2012, the day Petitioner was released into exclusive federal custody. (Id.). Based on the calculation, Petitioner has a projected release date of January 11, 2019, via Good Conduct Time Release. (Id.).

Colson declares that the BOP is guided by 18 U.S.C. 3585(a), and Program Statement

5880.28, Sentence Computation Manual (CCCA of 1984) which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." ((Id.; attachment 8). Colston states that the BOP is also guided by the provisions of 18 U.S.C. 3584(a), which provides, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." (Id.). The BOP has calculated Petitioner's federal sentence to begin on October 9, 2012, the date he was received into exclusive federal custody. The federal sentencing court did not order that the federal sentence run concurrently with his State sentence. Pursuant to 18 U.S.C. 3621, ". . . In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed. (Id., attachment 9).

Colston declares that in compliance with 18 USC §3621, the BOP conducted a review of Petitioner's federal sentence under Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), for a *nunc pro tunc* designation. (Doc. #14-1 at 6). A *nunc pro tunc* designation is a method whereby the BOP retroactively commences an inmate's federal sentence upon imposition, if such a designation is consistent with federal statutes and the intent of the federal sentencing court. (Id.). In this case, the earliest Petitioner's federal sentence could possibly commence is March 9, 2011, the day it was imposed. (Id.). A *nunc pro tunc* review is made by considering the following factors set forth in 18 U.S.C. 3621(b); (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristic of the inmate; (4) any pronouncements made by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2). As part of the review process, the DSCC solicited the federal

6

sentencing court for a statement concerning a *nunc pro tunc* designation. On March 27, 2015, the BOP received a letter from the federal sentencing court stating the sentencing judge did not recommend that Petitioner be awarded credit toward his federal sentence for the time he spent in state custody that was credited toward that state sentence. (Id., attachment 10). Upon receipt of the court's letter, the BOP conducted a full and thorough 3621(b) review. (Id.; attachment 11). Based upon the review, the BOP determined that it would not be consistent with federal statutes and the intent of the federal sentencing court to grant a *nunc pro tunc* designation. (Id.). Colston declares that Petitioner's federal sentence has been computed correctly as commencing on October 9, 2012, consistent with federal statutes, regulations, and policy. (Id.). He is not entitled to an earlier commencement date of this federal sentence, regardless of the state Court's recommendation that the state sentence and federal sentence run concurrently. (Id.). Title 18 U.S.C. 3585(b) precludes the BOP from giving an inmate dual credit for the same custody. (Id.).

Additionally, Colston declares that the only time petitioner was in federal custody after his date of arrest was under a federal writ of habeas corpus *ad prosequendum* during the time periods of June 30, 2010, through October 1, 2010, and October 25, 2010, through March 9, 2011. (Doc. #14-1). These time periods were only temporary periods of federal custody but the state of Georgia still retained primary custodial jurisdiction. The BOP does not award prior custody credit for individuals who are in temporary federal custody due to a writ of habeas corpus. (Id.; see Program Statement 5880.28, Sentence Computation Manual CCA of 1994, attachment 13).

## ANALYSIS

As previously stated, Petitioner argues that he is entitled to credit toward his federal sentence

7

for the time spent in federal custody under a writ of habeas corpus *ad prosequendum* and the time he was in state prison beginning June 30, 2010, through October 9, 2012.[4]

It is well established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a "deferential abuse-of-discretion standard." United States v. Hayes, 535 F.3d 907, 909–10 (8th Cir.2008), *cert. denied*, 556 U.S. 1185, 129 S.Ct. 1983, 173 L.Ed.2d 1089 (2009).

The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585. Credit for prior custody is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). A federal sentence cannot commence before it is imposed. See 18 U.S.C. §

---

[4] Petitioner attached a copy of the imprisonment order from the Superior Court of Chatham County Eastern Judicial Circuit of the State of Georgia that indicates that his state sentence is to run concurrent to "all and to any other sentence." Id.

3585(a) ("Commencement of sentence: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); United States v. Evans, 159 F.3d 908, 912 (4th Cir.1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

It is undisputed that Petitioner's federal sentence was imposed on March 9, 2011. The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). In U.S. v. Vance, 563 Fed. Appx. 277 (4th Cir. 2014), the court held as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...." 18 U.S.C. § 3585(b) (2012). Section 3585(b), however, does not permit a district court to determine credit at sentencing. United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Rather, only the Attorney General, acting through the BOP, may compute sentencing credit. Id. at 334–35, 112 S.Ct. 1351. A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (2012), in the district of his confinement following exhaustion of available administrative remedies.

Petitioner's federal sentence commenced when the state of Georgia relinquished jurisdiction over him to federal authorities on October 9, 2012. Petitioner received credit toward his state sentence from June 1, 2010, until October 9, 2012, when he was turned over to the United States Marshals Service after satisfying his state court sentence. Petitioner cannot receive credit on his

9

federal sentence that was applied to his state sentence. Additionally, Petitioner is not entitled to credit for the time he was borrowed from state officials pursuant to the writ of habeas corpus *ad prosequendum*. See Title 18 U.S.C. 3585(b); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). Further, a defendant is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* when the time period was credited against his state sentence. Williamson v. Pettiford, C/A No. 8:07–3739, 2008 WL 2076664, at *4 (D.S.C. May 9, 2008).

Therefore, in this action, Petitioner is not entitled to prior custody credit for the time spent in federal detention pursuant to a writ *ad prosequendum* from June 30, 2010 through October 1, 2010, and October 25, 2010 through March 9, 2011. Williamson, supra. Additionally, Petitioner is not entitled to credit toward his federal sentence from March 9, 2011 through October 9, 2012 (the date he completed his state sentence and was turned over to the U.S. Marshals Service) because he received credit toward his state sentence during that time period. See 18 U.S.C. § 3585(a). The Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." U.S. v. Wilson, 503 U.S. 329, 337 (1992).

Petitioner's argument that the BOP should abide by the state judge's recommendation that the state sentence and federal sentence run concurrently fails. Such recommendations are not binding on the BOP. Accordingly, it is recommended that summary judgment be granted for Respondent.

10

## **CONCLUSION**

Based on the above, it is recommended that Respondent's motion for summary judgment (doc. #14) be granted and the petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 28, 2017
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**