IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derek Gallop, Jr., | C/A No. 4:16-3865-JFA-TER |
| Petitioner, | |
| v. | **ORDER** |
| Hector Joyner[1], | |
| Respondent. | |

Derek Gallop, Jr. ("Petitioner" or "Gallop"), proceeding *pro se*, filed an action pursuant to 28 U.S.C. § 2241, seeking certain habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. Respondent then filed a motion to dismiss, or in the alternative, a motion for summary judgment. (ECF No. 14). After receiving a Roseboro Order, Petitioner responded to Respondent's dispositive motion. (ECF No. 20).

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that Respondent's motion should be construed as one

---

[1] Initially, Petitioner named Andrew Mansukhani and the United States of America as Respondents in this action. However, the only proper respondent in a habeas petition is the person having custody of the person detained. A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 441 (2004)( the District Court "may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Accordingly, the United States is not a proper party pursuant to 28 U. S.C. §2241. Additionally, Andrew Mansukhani is no longer the warden at FCI Estill. The new warden is Hector Joyner.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and

for summary judgment and consequently granted. (ECF No. 23). The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Gallop was advised of his right to object to the Report, which was entered on the docket on April 28, 2017. Gallop did respond to the Report (ECF No. 28), but failed to make any specific objections to the analysis set forth by the Magistrate Judge. Apart from merely rehashing the same argument asserted in his response to Respondent's motion for summary judgment[3], Gallop failed to file any specific objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and

---

Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] Courts have found that objections that merely rehash arguments previously raised and addressed by the magistrate judge are insufficient to direct the court to a specific error in the magistrate judge's Report. *See e.g., Baker v. Colvin,* Civil Action No. 6:14–cv–240, 2015 WL 3562164, at *3 (D.S.C. June 5, 2015) (citing *Nichols v. Colvin,* —— F.Supp.3d ——, Civil No. 2:14cv50, 2015 WL 1185894, at *8 (E.D.Va. Mar.13, 2015) (finding that rehashing arguments raised to the magistrate judge does not comply with the requirement to file specific objections); *Campbell v. Hammett,* Civil Action No. 7:13–1701–BHH, 2015 WL 1519640, at *1 (D.S.C. Mar.30, 2015) ("The objections mostly rehash arguments that the Magistrate Judge has already considered and rejected. Because the court agrees with the Magistrate Judge's treatment of those issues, it need not discuss them further here."); *Missouri v. Custodian, Greenville Cnty. Pet. Ctr.,* Civil Action No. 8:14–35–MGL–JDA, 2014 WL 4536735, at *1 (D.S.C. Sept.9, 2014) (holding that because the Court agrees with the Magistrate Judge's analysis, it will not discuss the petitioner's objections that merely rehash the arguments already considered and rejected by the Magistrate Judge).

Recommendation. (ECF No. 23). Respondent's motion for summary judgment (ECF No. 14) is granted and Gallop's petition is dismissed.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

May 30, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."